**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHISN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

BRITTANY TERRY,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC and AMERICAN EXPRESS COMPANY,

Defendants.

Civil No. 1:25-cv-01170-SDG-JEM

**EQUIFAX INFORMATION SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Equifax Information Services, LLC ("Equifax"), by and through its attorneys of record, hereby files this Motion to Dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P.12(b)(6), and contemporaneously files its Memorandum in Support of this Motion and incorporates it herein by reference for all purposes.

WHISEFORE, PREMISES CONSIDERED, Equifax respectfully requests that its Motion to Dismiss Plaintiff's Complaint, with prejudice, be granted, and for such other and further relief, both general and specific, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Christine S. Kapur*

Christine S. Kapur
Georgia Bar No. 197008
Equifax Legal Department
1550 Peachtree Street NW
Atlanta, Georgia 30309
Telephone: (470) 373-2989
christine.kapur@equifax.com
***Counsel for Defendant Equifax Information Services, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Joshua R. Williams
jwilliams@mavacy.com
Mavacy
5200 Dallas Highway
Suite 200-286
Powder Springs, GA 30127
(404) 834-0124
Counsel for Plaintiff

*/s/ Christine S. Kapur*
**CHRISTINE S. KAPUR**
Georgia Bar No. 197008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHISN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

BRITTANY TERRY,

Plaintiff,

v. Civil No. 1:25-cv-01170-SDG-JEM

EQUIFAX INFORMATION SERVICES, LLC and AMERICAN EXPRESS COMPANY,

Defendants.

**EQUIFAX INFORMATION SERVICES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW, Equifax Information Services, LLC ("Equifax"), and files its Memorandum of Law in Support of its Motion to Dismiss, and would respectfully show the court as follows:

## I. INTRODUCTION

Plaintiff Brittany Terry ("Plaintiff") alleged Equifax inaccurately reported her American Express Company ("Amex") account (the "Account") with the scheduled monthly payment amount on her Equifax credit file. Despite the Amex account clearly being reported as closed, Plaintiff argues that including her underlying contractual obligations is inaccurate because she "no longer has any scheduled monthly payment obligations to Amex." Dkt. 1, ¶8. On its face, Equifax's reporting of the payment terms on the Account was accurate. Because Plaintiff cannot show

an inaccuracy, he has failed to allege a claim under either 15 U.S.C. §§ 1681e or 1681i of the Fair Credit Reporting Act ("FCRA").

Accuracy aside, Plaintiff failed to adequately plead all required elements of her FCRA claims or that Equifax acted willfully. Further, Plaintiff's alleged damages are not recoverable and are inadequately pled. Finally, Plaintiff failed to plead how any of her alleged injuries were caused by Equifax. Accordingly, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6).

## II. APPLICABLE LEGAL STANDARDS

### A. 12(b)(6) Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss, the Supreme Court instructed lower courts to consider "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, the court is not required to accept, as true, legal conclusions couched as factual allegations. *Id.* Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570.) "But where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not 'show[n]'…'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing FED. R. CIV. P. 8(a)(2)).

In considering a 12(b)(6) motion, the court should accept all well-pleaded facts in the Complaint as true and draw all inferences in the plaintiff's favor. *Craft v. Olszewski*, 428 F. App'x 919, 921 (11th Cir. 2011). However, the "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (quotations omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

**B. The Court May Consider Documents Outside the Complaint**

In addition to the pleadings, the court can consider any documents attached to the complaint as exhibits, or incorporated into the complaint by reference. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). In deciding a motion to dismiss, the court may also consider any documents "referred to in the plaintiff's complaint" and "central" to its claims. *Horsley*, 304 F.3d at 1134.

Plaintiff's Complaint explicitly references and relies on her dispute correspondence to Equifax and how her Account was reporting on her credit file. Dkt. 1, ¶¶12-18. The reporting of Plaintiff's Account at the time of her dispute is not just "central" to her claim, it is *the entirety* of her claim. How Plaintiff's Account reported at the time of her dispute is paramount. As courts in this district have held, exhibits evidencing how an account was reported can be considered in a motion to dismiss. *His v. Equifax Info. Servs., LLC, et al.*, No. 1:18-cv-05182-CC- RGV (N.D. Ga. July 12, 2019) (Non-final Report and Recommendation Granting Trans Union's Motion to Dismiss); *Gibson v. Equifax Info. Servs., LLC*, No. 5:18- cv-00465-TES, Dkt. 34 at 3-7 (M.D. Ga. July 2, 2019) (Order Granting Trans Union's Motion to Dismiss); *Meeks v. Equifax Info. Servs., LLC*, No. 1:18-CV- 03666-TWT-WEJ, 2019 WL 1856411, at *6 (N.D. Ga. Mar. 4, 2019), *report and recommendation adopted*, 2019 WL 1856412, at *1 (N.D. Ga. Apr. 23, 2019). Accordingly, the Court may freely consider how her Account appeared at the time of her dispute. Plaintiff failed to attach a copy of the referenced Investigation Results to her Complaint, so Equifax has attached a copy hereto as Exhibit A (the "Investigation Results"), and the Court may consider the Investigation Results, without converting Equifax's Motion to Dismiss into a motion for summary judgment. *Horsley*, 304 F.3d at 1134; *Taylor*, 400 F.3d at 1276; *see also Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).

## III. <u>ARGUMENTS AND AUTHORITIES</u>

### A. Plaintiff's Complaint Should Be Dismissed Pursuant to Rule 12(b)(6)

#### 1. Plaintiff Must Plead an Inaccuracy to State a Claim

Plaintiff has asserted claims against Equifax under 15 U.S.C. §§ 1681e(b) and 1681i of the FCRA. Dkt. 1, ¶¶32-38, 39-45. The existence of an inaccuracy is a necessary element of both of Plaintiff's FCRA claims. *Cahlin v. Gen. Motors Acceptance Corp.,* 936 F.2d 1151, 1156 (11th Cir. 1991) ("…a consumer must present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information."); *Kuehling v. Trans Union, LLC*, 137 F. App'x 904, 908 (7th Cir. 2005) ("Without evidence of some inaccuracy in the Trans Union report or reinvestigation, Kuehling cannot establish that Trans Union violated the FCRA – either § 1681e(b) or § 1681i(a)(1)(A)."); *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000) ("In order to make out a prima facie violation under § 1681e(b) a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."); *Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688, 698 (N.D. Ga. 2012) ("The Eleventh Circuit has held that the text of §1681e(b) *implicitly* requires that a consumer must present evidence tending to show that a [CRA] prepared a report containing 'inaccurate information' in order to sustain a claim.") (internal citation omitted) (emphasis in original).

Section 1681e(b) requires Plaintiff to plead: (1) Equifax published an

inaccurate consumer report to a third party; (2) Equifax failed to follow reasonable procedures to ensure maximum possible accuracy of its reports; and (3) Equifax failure to follow reasonable procedures caused actual damages to Plaintiff. *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 826 (11th Cir. 2009); *Cahlin*, 936 F.2d at 1156-60; *Smith v. E-BackgroundChecks.com, Inc.*, 81 F. Supp. 3d 1342, 1357 (N.D. Ga. 2014); *Bermudez v. Equifax Info. Servs., LLC*, No. 6:07- cv-1492, 2008 WL 5235161, at *2 (M.D. Fla. Dec. 15, 2008).

Section 1681i requires Plaintiff to plead: (1) her consumer file contains inaccurate or incomplete information; (2) she notified Equifax of the alleged inaccuracy; (3) her dispute is not frivolous or irrelevant; (4) Equifax failed to respond or conduct a reasonable reinvestigation of the disputed item(s); and (5) Plaintiff sustained damages caused by Equifax.[1] *Steed v. Equifax Info. Servs., LLC,* No. 1:14-cv-00437-SCJ-CMS, 2016 WL 7888040, at *11 (N.D. Ga. July 15, 2016) (citing *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011)); *Bermudez*, 2008 WL 5235161, at *4; *Thomas v. Trans Union, LLC*, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002).

**a. Plaintiff Fails to Allege an Inaccuracy.**

---

[1] Under the FCRA, an account can be inaccurate on its face or misleading in such a way and to such an extent that it can be expected to have an adverse effect on the consumer. *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (citing *Sepulvado v. CSC Credit Servs*., 158 F.3d 890 (5th Cir.1998)). In other words, the inaccuracy element includes misleading information.

Plaintiff does not claim that she did not owe the debt to Amex but, instead, argues that the account should report with a monthly payment of $0 because the Amex account is closed. Dkt. 1, ¶¶8, 13. Plaintiff claims the reporting of the Accounts is false, misleading, and inaccurate because it includes the historical scheduled monthly payment terms although Plaintiff no longer owes a scheduled monthly payment on the Account. Dkt. 1, ¶¶8, 13.

Plaintiff's belief that the scheduled monthly payment field, which is intended to be used to describe the historical terms of an obligation, should instead be used to reflect a consumer's current obligation to pay on an account, is unsupported by the FCRA or any case law. As evidenced in Ex. A, Equifax's reporting plainly indicates the Account is "Closed." *See* Ex. A. Further, it details that the "Account [is] Closed By Credit Grantor." *See* Ex. A. It is unequivocally clear, and not misleading, from the face of the Equifax's reporting that no *current* monthly obligation exists. *See* Exhibit A.

Plaintiff unconvincingly argues that the Account should report as "$0" for the scheduled monthly payment field, without citing any authority for such contention. Plaintiff has not, and cannot, allege that there was any confusion on the part of a credit grantor or that she suffered any specific adverse action caused by how the account was reporting.

**b. Including Contractual Obligations is Not Inaccurate or Misleading**

In an identical case in the Northern District of Georgia, the district court held the reporting of a contractual obligation was not inaccurate as a matter of law. *Meeks*, 2019 WL 1856411, at *6. The court explained, ". . . it is not plausible that the existence on the credit disclosure of plaintiff's former monthly payment obligation could materially mislead a prospective lender about the nature of his current obligations." *Id*. Further still, the court went on to explicitly state there was no chance for confusion, as the trade line clearly indicated there was no remaining balance or any amount past due. *Id.*

Even more recently, Magistrate Judge Vineyard reaffirmed the holding in *Meeks*. *His*, 1:18-cv-05182-CC-RGV, Dkt. 45 at 14. In his Report and Recommendation Granting Trans Union's Motion to Dismiss on identical facts to those presented here, Judge Vineyard noted, "[Plaintiff] has cited no cases that support his contention that the manner of reporting the account [with the contractual payment obligation] violated the FCRA, and the Court agrees with Trans Union that [Plaintiff] has failed to state any plausible claim against it." *Id.* at 14. The court, citing *Meeks*, also found that when the "account is viewed as a whole, it is undeniable that there exists no ongoing obligation for payment." *Id.*; *see also Gibson*, No. 5:18-cv-00465-TES, Dkt. 34 at 10 ("The accounts are all clearly labeled "CLOSED"... Thus, it is not plausible that Defendant Trade Union's tradelines would materially mislead a prospective lender about Plaintiff's current obligations."); *Lovelace v.*

*Equifax Info. Servs., LLC*, 2019 WL 2410800, at *2 (D. Ariz. June 7, 2019) (denied on other grounds) ("Specifically, the screenshot states that Lovelace's account with CNAC had been 'Charged Off' and simply identifies his old monthly payment ('$ 420 per month for 50 months') in the portion of the report identifying the historical loan terms. It is difficult to understand how this information could be interpreted as denoting an ongoing obligation to make future payments.").

Here, Plaintiff's Account was reporting with contractual payment terms pursuant to agreements with Amex. To ensure creditors have the full picture of Plaintiff's credit history, Equifax properly included all information related to the Amex account. Including the contractual monthly payment terms allows creditors to understand what debts a consumer is able and willing to pay, and for derogatory accounts, what terms they failed to satisfy. As the Eleventh Circuit observed in *Cahlin*, the CRA was under no obligation to change the underlying terms on the account. *Cahlin*, 936 F.2d at 1158. Indeed, including contractual terms allows creditors to fully understand the consumer's performance relative to the account at issue.

Similarly, in *Harris v. Nissan-Infiniti LT, et al.*, the Plaintiff alleged inclusion of a contractual balloon payment term in the reporting of a debt that was discharged through Chapter 7 bankruptcy was "patently incorrect information" and was "materially misleading." *Harris v. Nissan-Infiniti LT, et al.*, No. 2:17-cv-191, 2018

WL 2741040, at *1 (D. Nev. June 7, 2018). The court rejected that argument and found "[i]t was not 'inaccurate' to list the balloon payment obligation as a historical term in the status section of the credit report." *Id.* at *4. The court explained "[t]he allegation that SLS reported materially misleading information is not plausible on its face and would not survive a motion to dismiss." *Id.* As in the case at hand, including underlying contractual information regarding the terms on the Account is not misleading and does not create an inaccuracy.

Furthermore, in determining the accuracy of consumer credit reports, courts have viewed accounts in their entirety, rather than focusing on a single field complained of by a consumer. For example, recently the Northern District of Georgia was presented with an argument that a consumer report was inaccurate and misleading because it failed to include the phrase "discharged in bankruptcy" on the account at issue. *Stewart v. Equifax Info. Servs., LLC, et al.*, No. 1:18-cv-05799-ELR-RGV (N.D. Ga. July 2, 2019) (Report and Recommendation Granting Trans Union's Motion to Dismiss adopted by the District Court). The account in *Stewart* included a remark of "Chapter 7 bankruptcy," a pay status of "Account Included in Bankruptcy," an account status of "Closed," a $0 balance, and no past due balance. *Id.* at 13. In granting Equifax's Motion to Dismiss, the court was explicit in holding the plaintiff had failed to meet his burden of showing an inaccuracy. *Id.* at 15. "Stewart's 'allegations are not plausible in light of the full context of the actual reporting in the credit report[]…'" *Id.* (citing *Torion v. JPMorgan Chase Bank,*

*Nat'l Ass'n*, No. 17-cv-00422-PJH, 2017 WL 2986250, at *5 (N.D. Cal. July 13, 2017)) (citations omitted).[2]

Likewise, in *Connor v. JPMorgan Chase Bank, N.A. et al.*, the court dismissed Plaintiff's FCRA claim because he failed to allege his credit report contained inaccurate information, as opposed to underlying accurate account information. *Connor v. JPMorgan Chase Bank, N.A. et al.*, No. 15-cv-8601, slip op. at 3 (N.D. Ill. Mar. 22, 2016). Connor complained his credit report was inaccurate because, after his Chapter 13 bankruptcy discharge, his Chase account still included the scheduled monthly amount, actual payment amount, and failed to indicate the account was discharged in bankruptcy. *Id.* at 2. Chase argued the "historical information on the report, *i.e.*, the discharge pursuant to the bankruptcy and the complained about scheduled and actual payment amounts, [were] permissible under the FCRA, particularly where . . . the report includes information on a bankruptcy." *Id.* at 3. The court noted Plaintiff's credit report indicated the bankruptcy was reporting as discharged and explained that, even disregarding that fact, "the body of the report itself makes clear that both the balance amount and the amount past due

[2] The Northern District of Georgia, as well as courts in other circuits, have considered how a consumer's account appeared in its entirety when determining where an inaccuracy exists. *See, e.g.*, *Neabors v. Equifax Info. Servs., LLC, et al.*, 2019 WL 3208805 (S.D. Cal. July 16, 2019); *His*, 1-18-cv-05182-CC-RGV, Dkt. 45; *Scroggins v. Equifax Info. Solutions, LLC, et al.*, 2019 WL 3037588 (D. Ariz. July 11, 2019); *Gibson*, No. 5:18-cv-00465-TES, Dkt. 34; *Zemelka v. Trans Union LLC, et al.*, 2019 WL 2327813 (D. Ariz. May 31, 2019); *Meeks*, 2019 WL 1856411; *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789 (M.D. Tenn. 2018).

are $0, which is also consistent with the FCRA." *Id.* In response to Connor's argument that the Chase account "'gives the impression that Plaintiff is still making payments under the . . . wage earner plan,'" the court noted Connor did not address "the fact that the balance amount and amount past due are listed at $0 . . .which undermines his claim." *Id.*

Here, like in *Connor* and *Stewart*, when the Amex account is viewed as a whole, it is undeniable there exists no ongoing obligation for payment. The Account clearly reported as closed. The mere presence of underlying contractual scheduled monthly payment terms does not cause confusion, nor does it create an inaccuracy. Accordingly, Plaintiff's Complaint should be dismissed, with prejudice.

**c. Plaintiff's Subjective Belief is Not Evidence of an Inaccuracy**

In her Complaint, Plaintiff argued reporting a contractual monthly payment was "false, misleading, and inaccurate." Dkt. 1, ¶¶ 34, 41. However, Plaintiff failed to plead the details and basis for her contention that the Account was inaccurate or misleading. Plaintiff's subjective belief is not sufficient to support a claim of inaccuracy. *Barakat v. Equifax Info. Servs., LLC*, No. 16-10718, 2017 WL 3720439, at *3 (E.D. Mich. Aug. 29, 2017) (citing *Dickens v. Trans Union Corp.*, 18 F. App'x 315, 318 (6th Cir. 2001) ("Courts have repeatedly held that a personal opinion is 'mere speculation that the notation was misleading' and is therefore insufficient to support a claim of inaccuracy under the FCRA."); *Shaw v. Equifax Info. Solutions, Inc.*, 204 F. Supp. 3d 956, 961 (E.D. Mich. 2016) ("[A] personal opinion such as

Plaintiff's constitutes 'mere speculation that the notation was misleading' and is insufficient to support a claim of inaccuracy under the FCRA."); *Bailey v. Equifax Info. Servs., LLC*, No. 13-cv-10377, 2013 WL 3305710, at *5 (E.D. Mich. July 1, 2013) (conclusory allegations of inaccuracy are insufficient); *Elsady v. Rapid Global Bus. Solutions, Inc.*, No. 09-cv-11659, 2010 WL 2740154, at *7 (E.D. Mich. July 12, 2010) ("[A] plaintiff's mere assertion that a report was misleading, or even his proof that a lay person would be misled, is insufficient to establish that a report was misleading and, therefore, inaccurate.").

At the very least, Plaintiff must plead a creditor would be misled. *Barakat*, 2017 WL 3720439, at *3; *Shaw*, 204 F. Supp. 3d at 960. Without more, Plaintiff failed to adequately plead a claim and her Complaint should be dismissed, with prejudice. *Hinkle v. CBE Group*, No. CV 311-091, 2012 WL 681468, at *3 (S.D. Ga. Feb. 3, 2012), *report and recommendation adopted*, No. CV 311-091, 2012 WL 676267 (S.D. Ga. Feb. 29, 2012) ("the factual matter offered by Plaintiff in his amended complaint establishes nothing beyond speculation as to the 'mere possibility' of a violation of the FCRA, without presenting 'enough fact to raise a reasonable expectation that discovery will reveal' unlawful conduct.") (quoting *Twombly*, 550 U.S. at 556). Thus, reporting an account that includes contractual payment information does not create an inaccuracy. Furthermore, there has been no suggestion any creditor has been misled or Plaintiff has suffered any specific adverse action. Therefore, Plaintiff's Complaint should be dismissed, with prejudice.

### 2. Plaintiff Failed to Allege Adequate Facts to Support Her § 1681e(b) Claim

To survive a motion to dismiss, the plaintiff must allege facts supporting the essential elements of each of her claims. *Wilchombe*, 555 F.3d at 958. Here, Plaintiff alleged violations of §§ 1681e(b) and 1681i of the FCRA. Dkt. 1, ¶¶ 32- 38, 39-45. As discussed above, § 1681e(b) requires Plaintiff to plead: (1) Equifax published an inaccurate consumer report to a third party; (2) Equifax failed to follow reasonable procedures to ensure maximum possible accuracy of its reports; and (3) Equifax's failure to follow reasonable procedures caused actual damages to Plaintiff. *Ray*, 327 F. App'x at 826; *Cahlin*, 936 F.2d at 1156- 60; *Smith*, 81 F. Supp. 3d at 1357; *Bermudez*, 2008 WL 5235161, at *2.

#### a. Plaintiff's § 1681e(b) Claim Fails Without Inaccurate Credit Reports Provided to Third Parties

For any § 1681e(b) claim, a Plaintiff must plead a CRA published a credit report to a third party containing an inaccuracy. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994*); Cahlin*, 936 F.2d at 1156. "Absent an inaccuracy in a credit report that was *published to a third party*, no damages proximately caused by an FCRA violation would result." *Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 750 (S.D. Tex. 2005) (adopted by 420 F. Supp. 2d 733 (S.D. Tex. 2006)), aff'd 224 F. App'x 415 (5th Cir. 2007) (emphasis added).

The vague allegations contained in paragraphs 35 and 42 of Plaintiff's Complaint do not sufficiently set forth the necessary facts to support Plaintiff's §

1681e(b) claim. Merely alleging "Equifax . . . reported to one or more third parties" is inadequate to identify to whom the reports were provided, when they were reported, or how they were inaccurate. Dkt. 1, ¶¶ 35, 42. *See Thomas v. City of Galveston, Texas*, 800 F. Supp. 2d 826, 845 (S.D. Tex. 2011) (finding "boilerplate recitations of the elements of claims" is not sufficient to state a claim); *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009). Here, Plaintiff has done nothing more than parrot the elements of § 1681e(b) without providing any facts or supporting details. Such pleading is inadequate and fails to properly allege a cause of action under the FCRA.

**b. Plaintiff's Claimed Damages are Not Recoverable and Not Adequately Pled**

Plaintiff's damages allegations vaguely alleged the following: (1) she "experienced undue anxiety, stress, frustration, and other forms of emotional distress due to Defendants' failures to correct the errors in her credit file and her inability to improve her financial situation by obtaining new or more favorable credit terms . . ."; and (2) she "suffered physical harms, including loss of sleep and stress headaches…" Dkt. 1, ¶¶ 19, 37, 44. Each of Plaintiff's alleged damages is neither recoverable nor adequately pled.

Plaintiff asserted she experienced "undue anxiety, stress, frustration" and "suffered physical harms, including loss of sleep and stress headaches" with no explanation as to when or how her condition was attributable to Equifax's alleged

actions. Dkt. 1, ¶¶ 19, 37, 44. Even if Plaintiff had such a claim, she failed to adequately plead it. Mental and emotional distress damages are considered actual damages. However, Plaintiff has not alleged any facts supporting the contention that she suffered any actual injury or how it was allegedly caused by Equifax, a prerequisite to damages for mental or emotional distress. *See Cousin v. Trans Union Corp.*, 246 F.3d 359, 370-71 (5th Cir. 2001); *Thomas*, 800 F. Supp. 2d at 845.

Without causation or damages, Plaintiff's claims asserted under § 1681e(b) fail. *See Morris*, 420 F. Supp. 2d at 750. The boilerplate allegations that Plaintiff has "experienced undue anxiety, stress, frustration," or vague assertions she could not obtain "new or more favorable credit terms" fail to adequately set forth facts to support Plaintiff's claims of injuries and damages. Dkt. 1, ¶¶ 19, 37, 44. *See Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) ("Factual allegations must be enough to raise a right to relief above the speculative level…") (quoting *Twombly*, 550 U.S. 544); *see also Novak v. Experian Info. Solutions, Inc.*, 782 F. Supp. 2d 617, 623 (N.D. Ill. 2011) (plaintiff failed to satisfy pleading

requirement where he did not allege he suffered actual damages such as a credit denial or was subject to a high interest rate). Furthermore, actual loss or damage is a component of a claim for negligence under the FCRA. *Hyde v. Hibernia Nat'l Bank*, 861 F.2d 446, 448 (5th Cir. 1988). Plaintiff's failure to plead facts in support

of her damages should result in dismissal of her claims, with prejudice.

**c. Plaintiff Has Failed to Allege Equifax's Policies and Procedures Are Not Reasonable**

The FCRA is not a strict liability statute; in addition to bearing the burden to allege an inaccuracy, Plaintiff is required to sufficiently allege Equifax's policies were unreasonable, or that it failed to follow reasonable procedures, to support her § 1681e(b) claim. *Cassara v. DAC Servs*., 276 F.3d 1210, 1217 (10th Cir. 2002). A determination of the reasonableness of a CRA's procedures "involves weighing the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010). Where the "inaccuracy at issue simply does not permit any inference as to the reasonableness of Trans Union's procedures," the plaintiff cannot meet her burden. *See Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074, 1080 (D. Or. 2007).

In this instance, as stated above, no factual inaccuracy existed. Furthermore, Plaintiff has not met her burden to show Equifax's procedures were unreasonable. Plaintiff's Complaint is void of any details about any aspect of even *one* of Equifax's policies or procedures. Plaintiff has not identified any particular policy or procedure, provided any details as to why they are not reasonable, or how Equifax allegedly failed to follow any of its policies or procedures. Plaintiff's Complaint fails to provide Equifax with any notice as to which of its policies or procedures were unreasonable, the alleged reason that such policies or procedures were not

reasonable, or how such policies or procedures were not followed. As a result, Plaintiff has failed to adequately plead her § 1681e(b) claim.

### 3. Plaintiff's § 1681i Claim Should Be Dismissed

Plaintiff's § 1681i claim fails for the same reasons stated in Sections III.A.1 (failure to plead inaccuracy) and III.A.2.b. (failure to plead damages) above—the failure to adequately plead an inaccuracy and failure to plead damages. As discussed above, § 1681i requires Plaintiff to plead: (1) her consumer file contains inaccurate or incomplete information; (2) Plaintiff notified Equifax of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) Equifax failed to respond or conduct a reasonable reinvestigation of the disputed item(s); and (5) Plaintiff sustained damages caused by Equifax. *Carvalho*, 629 F.3d at 891; *Steed*, 2016 WL 7888040, at *11; *Bermudez*, 2008 WL 5235161, at *4; *Thomas*, 197 F. Supp. 2d at 1236.

In addition, Plaintiff's barebones allegation that "Equifax…failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i" similarly fails as it contains nothing more than conclusory and self-serving allegations, at best. Dkt. 1, ¶¶ 36, 43. The fact that Plaintiff personally disagrees with the result of the reinvestigation does not satisfy the pleading requirements of a § 1681i claim. It is well established that the mere allegation a reinvestigation was unreasonable without any supporting facts showing how the consumer reporting agency's actions were unreasonable is insufficient to state a claim. *See O'Connor v. Capital One, N.A.*, No. CV-00177-KAW, 2014 WL 2215965, at *7 (N.D. Cal. May 29, 2014)

(dismissing complaint when plaintiff "fail[ed] to offer any factual allegations supporting his contention that Defendant's investigation of his disputed account was unreasonable."). Plaintiff's failure to plead facts in support of her § 1681i claim provides this Court with sufficient grounds to grant Equifax's Motion to Dismiss.

**4. Plaintiff's Willfulness Claims Should be Dismissed**

Plaintiff alleged willful violations of the FCRA. Dkt. 1, ¶¶ 19, 42, 43. Plaintiff's Complaint is centered around her allegations Equifax willfully failed to report her contractual monthly payment on her Amex account as $0. Because Plaintiff's claims fail as no inaccuracy exists, as discussed in sections Section III.A.1 above, it necessarily follows her willfulness claims also fail. *See Messano v. Experian Info. Solutions, Inc.*, 251 F. Supp. 3d 1309, 1316 (N.D. Cal. May 8, 2017) (dismissing willfulness claim where plaintiff failed to plead inaccuracy).

Willfulness claims may be dismissed on a 12(b)(6) motion. *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1282-83 (11th Cir. 2017). "Willfully" means either knowingly or with reckless disregard. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 58-59 (2007). Plaintiff must allege (1) Equifax had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language; and allege how Equifax ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless. *Id.* Plaintiff has unequivocally failed do both.

Plaintiff must show Equifax acted in a manner that made it highly probable

harm would follow. *Id.* at 69. Where the statutory text and authoritative guidance allow for more than one reasonable interpretation, a defendant merely adopting one such interpretation cannot be found to have willfully violated the FCRA. *Id.* at 70 n.20. A CRA's interpretation of its obligations under the FCRA can be erroneous and *still* not be considered willful. *Id.* at 69-70.

"An interpretation that favors the agency must be 'objectively unreasonable' under either the text of the Act or 'guidance from the court of appeals or Federal Trade Commission that might have warned [the agency] away from the view it took.'" *Vanaman v. Nationstar Mortg. LLC*, No. 2:15-cv-00906, 2017 WL 1097189, at *3 (D. Nev. Mar. 22, 2017) (citing *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009)). Furthermore, neither the failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file, nor the mere existence of inaccuracies in a consumer's report alone, can amount to willful noncompliance with the FCRA. *See Barrepski v. Capital One Bank (U.S.A.) N.A.*, No. 11-30160-NMG, 2014 WL 9355983, at *12 (D. Mass. Jan. 24, 2014); *Hill v. Equifax Info. Servs., LLC*, 974 F. Supp. 2d 865, 869 (M.D.N.C. 2013); *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 648 (S.D. Ala. 2007) (citation omitted); *Valvo v. Trans Union LLC*, No. 04-70S, 2005 WL 3618272, at *8 (D.R.I. Oct. 27, 2005). Furthermore still, a CRA's failure to identify inaccurate information after receiving a dispute is not automatically enough to establish a

willful violation of the FCRA. *Robertson v. Experian Info. Solutions*, No. 1:CV- 09-0850, 2010 WL 1643579, at *5 (M.D. Pa. Apr. 22, 2010).

Here, Plaintiff has neither alleged nor asserted either required element of her willfulness claims. She has failed to allege Equifax had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language. She similarly failed to allege how Equifax ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless.

Accordingly, Plaintiff's conclusory allegations of willfulness are insufficient and should be dismissed, with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Equifax respectfully requests Plaintiff's Complaint be dismissed, with prejudice, in its entirety.

Respectfully submitted,

*/s/ Christine S. Kapur*
Christine S. Kapur
Georgia Bar No. 197008
Equifax Legal Department
1550 Peachtree Street NW
Atlanta, Georgia 30309
Telephone: (470) 373-2989
christine.kapur@equifax.com
***Counsel for Defendant Equifax Information Services, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Joshua R. Williams
jwilliams@mavacy.com
Mavacy
5200 Dallas Highway
Suite 200-286
Powder Springs, GA 30127
(404) 834-0124
***Counsel for Plaintiff***

*/s/ Christine S. Kapur*

**CHRISTINE S. KAPUR**
Georgia Bar No. 197008