**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| BRITTANY TERRY,<br>    Plaintiff,<br><br>                    v.<br><br>EQUIFAX INFORMATION SERVICES, LLC<br>and AMERICAN EXPRESS COMPANY,<br>    Defendants. | Civil Action No.<br>1:25-cv-01170-SDG-JEM |

## OPINION AND ORDER

This case is before the Court on the Non-Final Report and Recommendation (R&R) of United States Magistrate Judge J. Elizabeth McBath [ECF 22], which recommends that Defendant Equifax Information Services, LLC's motion to dismiss be granted and that the claims against it (Counts III and IV) be dismissed with prejudice. Plaintiff Brittany Terry filed objections [ECF 24]. After careful consideration, Terry's objections are **OVERRULED,** and the R&R is **ADOPTED** as the Order of the Court.

## I.    Standard of Review

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and the Court need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b).

## II.    Discussion

Terry complains that her credit report as compiled by Equifax falsely reported a monthly payment amount of $40 for an American Express account that was closed.[1] She asserted two causes of action against Equifax for violation of the Fair Credit Reporting Act (FCRA). The R&R determined that the reported amount was factually correct and not misleading, so Terry had not stated plausible claims under 15 U.S.C. §§ 1681e or 1681i.[2]

---

[1]    *See generally* ECF 22, at 6.

[2]    *Id.* at 14–20.

### a.    The FCRA Claims

The relevant entry from Terry's credit report as of July 25, 2024, is below:

| AMERICAN EXPRESS | PO Box 981537 El Paso TX 799981537 : 8008742717 | | | | | | |
|---|---|---|---|---|---|---|---|
| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd  Activity Designator | Creditor Classification |
| *6213 | 05/26/2018 | | | | Monthly | 43    Closed | |

| Date of Last Reported Update | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj Del  Charge Off 1st Rptd  Amount | Deferred Pay Balloon Pay Start Date  Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/01/2022 | | | | | $40 | | 07/2021 | | | | |
| Status | Type of Account | | Type of Loan Credit Card | | Whose Account Individual Account | | Portfolio Indicator | | Portfolio Status | | |

ADDITIONAL INFORMATION:
*Account Closed By Credit Grantor*

For a credit report to comply with the FCRA, it must be "both technically accurate and not misleading." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020). In other words, "information must be factually true and also unlikely to lead to a misunderstanding." *Id.* at 1252. "[W]hether a report is misleading is an objective measure." *Id.* (citations omitted). Thus, "a report must be factually incorrect, objectively likely to mislead its intended user, or both to violate the maximal accuracy standard of the [FCRA]." *Id.*

Terry objects to the R&R's conclusion that her credit report was not factually incorrect or misleading. Specifically, Terry argues that the inclusion of a $40 "scheduled payment amount" on her credit report is not the same thing as a "historical monthly payment amount" as defined by the credit reporting industry, and the reporting of the former for an account with a $0 balance is factually

inaccurate and misleading.[3] Ergo, according to Terry, her credit report was factually incorrect and misleading, and she properly pleaded her claims.[4]

The Court agrees with the R&R's conclusion that Terry's credit report is neither factually incorrect nor objectively misleading. Viewing the relevant entry in its entirety, it is clear that there is no ongoing obligation for payment; the inclusion of a payment amount under "scheduled payment amount" objectively does not cause confusion or create an inaccuracy. This is particularly true given that the account shows as closed in two separate locations; the last activity date reported was July 2021; and there is no amount reported under "balance amount" or "amount past due."[5] *Meeks v. Equifax Info. Servs., LLC,* No. 1:18-cv-03666-TWT-WEJ, 2019 WL 1856411, at *6 (Mar. 4, 2019), *report and recommendation adopted*, 2019 WL 1856412 (N.D. Ga. Apr. 23, 2019).

Terry compares the instant case to *Graham-Anderson v. Equifax Information Services, LLC*, which addressed whether a single field viewed in isolation is misleading or factually inaccurate.[6] Case No. 4:25-cv-85 (CDL), 2025 WL 2933846 (M.D. Ga. Oct. 15, 2025). However, the weight of authority from this district—with

---

[3]    ECF 24, at 4–6.

[4]    *See generally* ECF 24.

[5]    ECF 22, at 16; ECF 16-1, at 4.

[6]    ECF 24, at 6.

which undersigned agrees—indicates the relevant entry must be viewed in its entirety, rather than simply looking at a single field in that entry.[7] Although Terry disagrees with the outcome of this objective assessment of the credit report entry, she has not identified any error of law in its use or application. Terry's objections are therefore **OVERRULED**.

### III.    Conclusion

Terry's objections [ECF 24] are **OVERRULED** and the R&R [ECF 22] is **ADOPTED** as the Order of this Court. Equifax's motion to dismiss [ECF 16] is **GRANTED**. Counts III and IV of the Complaint are **DISMISSED with prejudice**.

---

[7]    *See Saint-Cyr v. Equifax Info. Servs., LLC*, No. 1:24-CV-3127-TRJ-CMS, 2025 WL 432832, at *4 (Jan. 8, 2025), *report and recommendation adopted*, 2025 WL 945581 (N.D. Ga. Feb. 13, 2025); *Mason v. Trans Union, LLC*, No. 1:19-CV-2512-LMM-JKL, 2019 WL 11504729, at *3 (Oct. 7, 2019), *report and recommendation adopted*, 2019 WL 11504683 (N.D. Ga. Oct. 29, 2019); *Parker v. Trans Union, LLC*, No. 19-CV-1897-TCB-JKL, ECF 20, at 8–12 (Sept. 24, 2019), *report and recommendation adopted* at ECF 24 (N.D. Ga. Oct. 9, 2019); *Burrows v. Equifax Info. Servs., LLC*, No. 1:18-CV-5134-JPB-LTW, ECF 30, at 27–28 (Aug. 5, 2019), *report and recommendation adopted* at ECF 32 (N.D. Ga. Aug. 26, 2019); *Her v. Equifax Info. Servs., LLC*, No. 1:18-CV-05182-CC-RGV, 2019 WL 4295280, at *5–6 (July 12, 2019), *report and recommendation adopted*, 2019 WL 4295279 (N.D. Ga. Aug. 9, 2019); *Meeks*, 2019 WL 1856411, at *6).

The Clerk is **DIRECTED** to resubmit this matter to Judge McBath for further proceedings.

**SO ORDERED** this 31st day of March, 2026.

Steven D. Grimberg
United States District Judge